### 12428.　MILLER COUNTY *v.* WILKIN.

### 12447.　MILLER COUNTY *v.* BUSH.

BLOODWORTH, J. For a statement of facts in these cases see *Miller County v. Bush, ante,* 130.

1. The two cases under consideration are identical, except that in one of them the affidavit of illegality was filed by J. S. Wilkin, and in the other by W. J. Bush.

2. The exceptions of law in these two cases are the same as those in the case cited above, and the rulings there made are controlling in these cases, except that in these cases an additional point is raised, to wit (5th exception of law): that the auditor erred in the amount of commissions allowed the tax-collector. In this ruling there is no error, as against the tax-collector or his sureties, in the amount of commissions allowed by the auditor.

3. While the judge refused to strike, on motion of the county, the exceptions of law, he passed an order by which they were "overruled and disallowed . . except as to the ruling of the auditor complained of in the 2d exception of law relating to the item of $1400.00 claimed to have been paid on Nov. 3d, 1913, which portion of said exception is sustained and evidence upon the subject of said item is admitted." This ruling was correct and cured any error in the refusal of the court to strike the exceptions of law on motion of counsel for the county.

4. The judge did not err in overruling the exceptions of fact (Civil Code of 1910, § 5141), but properly submitted to the jury the issues raised thereby.

(*a*) In reference to the item of $9,500 the auditor said in his report that 'this will dispose of all sums prima facie shown to have paid over to the treasurer, except three items, to wit: a check for $100.00 dated January 23, 1915, a check for $150.00, dated January 6, 1915, and a receipt dated January 5, 1915, which was lost, and which is contended by the collector to have been for $9,500.00, and by the treasurer $4,500.00.

The auditor holds that there was sufficient evidence to warrant the admission of these items, together with the receipts mentioned in paragraph C, above, as prima facie evidence of sums paid to the treasurer by the collector; and also admits the evidence of the tax-collector with reference to the amount of the receipt dated January 5, 1915 [relating to the $9,500 item], holding that all these receipts and the two checks can be taken into consideration in determining what sums were paid to the treasurer by the collector, under the evidence in this case." To the ruling of the auditor in reference to the $1,400 and $9,500 items no exceptions were filed by the county. In addition, the report made by the tax-collector on November 3, 1913, and introduced by the county, shows the payment of $1,400.

5. There is no error in any of the excerpts from the charge of which complaint is made in the motion for a new trial.

6. The evidence supports the verdict.

*Judgment affirmed. · Broyles, C. J., and Luke, J., concur.*
DECIDED JANUARY 19, 1922.

Affidavit of illegality; from Miller superior court — Judge Worrill. March 19, 1921.

*N. L. Stapleton, Pottle & Hofmayer,* for plaintiff.

*W. I. Geer, P. D. Rich,* for defendants.